## In re SAYER.

(Supreme Court, Appellate Division, First Department. October 20, 1911.)

ATTORNEY AND CLIENT (§ 44*)—SUSPENSION—GROUNDS—APPROPRIATION OF CLIENT'S MONEY.

Where an attorney received a check in settlement of litigation, $25 of which belonged to his client, and collected the check, and applied the money to his own use, and some 4 months thereafter, when the client met him, gave the client $5 on account and a demand note for the remainder, and paid $2 in about 8 months thereafter, and the remainder was paid by the attorney's mother-in-law about a year thereafter, the attorney's misconduct will be punished by suspension from practice for six months, with leave to apply for reinstatement at the end of that period.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 55–62; Dec. Dig. § 44.*]

In the matter of a petition to discipline Henry A. Sayer, an attorney, for misconduct. Referee's report of the facts confirmed, and respondent suspended as stated.

See, also, 140 App. Div. 932, 125 N. Y. Supp. 1142.

Argued before INGRAHAM, P. J., and CLARKE, McLAUGHLIN, SCOTT, and DOWLING, JJ.

Einar Chrystie, for petitioner.
Henry Hirschberg, for respondent.

PER CURIAM. The respondent, an attorney at law, was employed by one Wolf to bring an action against the receivers of the New York City Railroad Company for personal injuries. The respondent accepted this employment, and subsequently, with the consent of his client, settled the claim for $35, of which $25 was to be paid to the client and $10 retained by the respondent. He received a check for this sum on the 30th of July, 1908, payable to the order of his client or the respondent as attorney, collected that money, and apparently applied it to his own use. His client testified that he called on the respondent several times, but was unable to find him until November 28, 1908, four months after the respondent had received the money, when he met the respondent in the hall of the building in which the respondent had his office, at which time the respondent gave him $5 on account and an obligation for $20, payable on demand. The next payment Wolf

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was able to obtain from the respondent was $2, on August 24, 1909. Subsequently, and in 1910, the respondent's mother-in-law paid Wolf the balance in several payments; the last payment being made on August 27, 1910, which appears to have been made after charges had been preferred against the respondent before the grievance committee of the Bar Association. The referee has found that the delay of the respondent in paying over this money received for the account of his client was a gross neglect of the respondent to fulfill his professional obligation, and constituted unprofessional conduct, of which the respondent was guilty.

There is no reason to doubt the testimony of the client that he called repeatedly at the office of the respondent, but was unable to find him. At any rate, the respondent was in possession of his client's money and apparently had used it for his own purposes. Of the $25 due, the respondent only paid $7; the balance being paid by the respondent's mother-in-law. The serious misconduct in this case is the appropriation by the respondent of his client's money, instead of paying it over to his client, as it was his duty to do. In most of the cases presented to us where attorneys have to be disciplined the trouble arises from the fact that the attorneys lose sight of the distinction between money that belongs to them and money that belongs to their client, to which the attorney has no title and no right to appropriate to his own use. When an attorney receives money of his client to which the client is entitled, it is serious misconduct for the attorney to apply such money to his own use, although he subsequently is able to repay his client the amount he has appropriated. It is this misconduct of the respondent which we are unable to overlook. The amount misappropriated is not material. It is the fact of the misappropriation that is material, and which requires that we should treat the attempt as serious professional misconduct. While, considering the circumstances, we do not feel that we are required to disbar the respondent, we feel that a suspension is necessary, and the period of that suspension is fixed at six months from the date of entry of the order, and until he shall be reinstated on application to the court.

The referee's report is therefore confirmed, and the respondent suspended for six months, and until the further order of this court, with leave to apply for reinstatement at the expiration of said six months, upon proof that he has actually abstained from practice during that period and has otherwise properly conducted himself.

