SAVAGE, Respondent, v. ARONSON, Appellant. (Supreme Court, Appellate Division, Second Department. April 19, 1912.) Action by Philippine Savage against Samuel Aronson. PER CURIAM. Judgment and order reversed, and new trial granted, costs to abide the event, unless plaintiff stipulate to reduce the damages to $150, in which case the judgment and order are unanimously affirmed, without costs.

SAVO v. ARAHO CONST. CO. et al. (Supreme Court, Appellate Division, Second Department. May 29, 1912.) Action by Hjalmar J. Savo against the Araho Construction Company and others. No opinion. Judgment of the County Court of Kings County affirmed, with costs.

In re SAYER. (Supreme Court, Appellate Division, First Department. June 22, 1912.) In the matter of Henry A. Sayer, an attorney. No opinion. Motion granted. Settle order on notice. See, also, 146 App. Div. 928, 131 N. Y. Supp. 381.

SAYER, Appellant, v. CITY OF NEW YORK, Respondent. (Supreme Court, Appellate Division, Second Department. May 29, 1912.) Action by Millie H. Sayer against the City of New York. No opinion. Judgment affirmed, with costs.

In re SCALZO et al. (Supreme Court, Appellate Division, First Department. April 26, 1912.) In the matter of Saverio Scalzo and others. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

In re SCHADE et al. (Supreme Court, Appellate Division, Second Department. April 19, 1912.) In the matter of the application of Nicolaus Schade and Louisa Schade for payment of award made for damage parcel No. 80c on damage map, etc., in proceedings to open Luyster street, etc. PER CURIAM. No excuse is given for the delay, and no proof of merit in the appeal is shown, as required by the special rule. Motion to dismiss appeal granted, with costs.

SCHAMBERG, Appellant, v. WHITMAN, Respondent. (Supreme Court, Appellate Division, First Department. June 22, 1912.) Action by Morris I. Schamberg against Malcolm D. Whitman. I. L. Bamberger, for appellant. A. R. Campbell, for respondent. No opinion. Determination and order (135 N. Y. Supp. 262) affirmed, with $10 costs and disbursements, with leave to plaintiff to serve an amended complaint. Order filed.

SCHAMBERG v. WHITMAN. (Supreme Court, Appellate Division, First Department. May 24, 1912.) Action by Morris I. Scham-

berg against Malcolm D. Whitman. No opinion. Application granted. Order signed.

SCHER v. WOSKY. (Supreme Court, Appellate Division, First Department. June 7, 1912.) Action by Benjamin Scher against Solomon P. Wosky. No opinion. Motion granted, with $10 costs. Order filed.

SCHIEFFELIN v. BRITT. (Supreme Court, Appellate Division, First Department. June 7, 1912.) Action by William J. Schieffelin against J. Gabriel Britt. No opinion. Motion granted. Settle order on notice. See, also, 135 N. Y. Supp. 62.

SCHLESINGER et al. v. O'CONNOR CONST. CO. (Supreme Court, Appellate Term. May 27, 1912.) Appeal from Municipal Court, Borough of Manhattan, First District. Action by Charles Schlesinger and another, doing business under the firm name and style of Schlesinger & Gilman, against the O'Connor Construction Company. From a Municipal Court judgment in favor of plaintiffs, defendant appeals. Modified and affirmed. Francis X. Kelly, of New York City, for appellant. Nathan Friedman, of New York City, for respondents.

LEHMAN, J. The plaintiffs brought this action to recover a balance unpaid upon a contract to make and set the metal work and roofings on buildings owned by the defendant. The defendant denies that the contract was fully performed, and counterclaims for the damages occasioned by the plaintiffs' failure to comply with the terms of the contract. At the trial the defendant introduced evidence of very substantial defects, which the plaintiffs denied, and, though the testimony produced by the defendant seems persuasive, I do not think that it is sufficient to enable us to say that the trial justice, who saw the witnesses, was bound to hold that these defects existed to the extent claimed by the defendant. The defendant showed that it cost it $230 to remedy the defects, but the trial justice decided that it was entitled to an offset of only $80, apparently holding that the reasonable cost of repairing the actual defects was only this sum. The trial justice, however, erred in giving judgment for $240, thus holding that, but for these defects, the plaintiffs would have been entitled to recover $320, when both pleadings and proof show a claim of only $300.

The judgment must therefore be reduced to $220, and affirmed, as modified, without costs to either party. All concur.

SCHOELLKOPF, Respondent, v. BALLOU, Appellant. (Supreme Court, Appellate Division, Fourth Department. May 1, 1912.) Action by Arthur Schoellkopf against Fred A. Ballou. No opinion. Judgment and order affirmed, with costs.

SCHLOSS v. WILSON. (Supreme Court, Appellate Division, First Department. June